IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CORMACK MEDICAL, INC.<br><br>Plaintiff<br><br>v.<br><br>HAND INNOVATIONS, INC. and<br>HAND INNOVATIONS, LLC<br><br>Defendants | Civil Action No.<br>**04 12613 RGS**<br>JURY TRIAL DEMANDED<br>RECEIPT # 60829<br>AMOUNT $ 150.00<br>SUMMONS ISSUED 2<br>LOCAL RULE 4.1_____<br>WAIVER FORM_____<br>MCF ISSUED_____<br>BY DPTY. CLK. M.P.<br>DATE 12/15/2004 |

MAGISTRATE JUDGE JLA

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Cormack Medical, Inc., by way of complaint against the defendants, Hand Innovations, Inc. and Hand Innovations, LLC, alleges as follows:

JURISDICTION AND VENUE

1. Plaintiff, Cormack Medical, Inc. ("Cormack Medical"), is a Massachusetts corporation with its principal place of business at 30 Turnpike Road, Suite 3, Southborough, Massachusetts 01772.

2. Defendant, Hand Innovations, Inc. is a Florida corporation with its principal place of business at 8905 SW 87th Avenue, Suite 220, Miami, Florida 33176.

3. Defendant, Hand Innovations, LLC, is a Delaware corporation with its principal place of business at 8905 SW 87th Avenue, Suite 220, Miami, Florida 33176.

4. Upon information and belief, Hand Innovations, LLC is the purchaser and successor in interest to Hand Innovations, Inc. and is responsible as such for damages resulting from wrongful conduct of Hand Innovations, Inc. as detailed below.

1

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

6. Venue in this Court is proper under 28 U.S.C. §1391(a) and (c) as a substantial part of the events and omissions giving rise to plaintiff's claim arose in this judicial district, plaintiff sold defendant's products in this judicial district and conducts a substantial volume of business in this judicial district, and defendants are subject to the personal jurisdiction of this Court.

## FACTS

7. Defendants are manufacturers of medical equipment and other devices for use in repairing wrist and hand fractures.

8. Cormack Medical is a medical sales company that contracted with Hand Innovations, Inc. to act as its sales representative to sell products manufactured by Hand Innovations, Inc. in a designated territory.

9. On or about December 1, 2001, Cormack Medical and Hand Innovations, Inc. entered into Sales Representative Agreement (the "Agreement"). *See* Exhibit 1, December 1, 2001 Agreement attached hereto and made part hereof.

10. Pursuant to the Agreement, Hand Innovations, Inc. appointed Cormack Medical as Hand Innovation's exclusive sales representative for products manufactured or supplied by Hand Innovations, Inc. in a territory comprising the states of Massachusetts, Connecticut, Rhode Island, and Vermont (the "Territory"). *See* Exhibit 1, Agreement at Addendum A.

11. Cormack Medical was to receive commissions on all sales within the Territory pursuant to the terms of the Agreement as set forth in Addendum B thereof. *See* Exhibit 1, Agreement, Addendum B

12. The Agreement provided that commissions were payable to Cormack Medical "on or before the 20th day of each month, based upon revenues billed by the Company during the preceding calendar month." *See* Exhibit 1, Agreement at paragraph 9.

13. The Agreement also provided for termination as follows: "either party may terminate this Agreemen [sic] for good cause upon thirty (30) days' written notice to the other party." *See* Exhibit 1, Agreement at paragraph 3.

14. The Agreement provided that upon sale of Hand Innovations, Inc., Cormack Medical is be paid an amount equal to the prior year's commission (such commissions to be paid upon sale are referred to herein as the "Supplemental Commissions"). The Agreement further provided that "If successor contracts the Sales Representative and assignment is agreed upon, no payment will be made." *See* Exhibit 1, Agreement at paragraph 15.

15. Upon information and belief, Hand Innovations, LLC purchased Hand Innovations, Inc.

16. Prior to the December 31, 2004 renewal date of the Agreement, the Agreement was improperly terminated and Cormack Medical was advised it would no longer be paid commissions.

17. Prior to and since the termination, defendants, or either of them, have failed to pay sums of money to Cormack Medical as required by the Agreement and applicable statutes.

## COUNT I

### BREACH OF CONTRACT (against all defendants)

18. The averments contained in paragraphs one through 17 are incorporated by reference as though set forth fully herein.

19. Hand Innovations, Inc. failed to pay commissions and/or Supplemental Commissions to Cormack Medical as required by the Agreement.

20. Hand Innovations, Inc. terminated the Agreement in violation of the requirements of the Agreement.

21. Hand Innovations, LLC is liable for such breach of contract as a successor to Hand Innovations, Inc.

22. As a result of defendant's breaches of contract, Cormack Medical suffered damages including lost commissions.

COUNT II (against all defendants)

VIOLATION OF THE MASSACHUSETTS SALES REPRESENTATIVE ACT

23. The averments contained in paragraphs one through 22 are incorporated by reference as though set forth fully herein.

24. Plaintiff is a "Sales Representative" as defined under the Massachusetts Sales Representative Act, Mass. Gen. Laws Ann. Ch. 104, §7.

25. Defendants are "Principal[s]" as defined under the Massachusetts Sales Representative Act, Mass. Gen. Laws Ann. Ch. 104, Sec. §7.

26. Under Mass. Gen. Laws Ch. 104, §8, "All commissions that are due at the time of termination of a contract between a sales representative and principal shall be paid within fourteen days after the date of termination. Commissions that become due after the termination date shall be paid within fourteen days after the date on which the

commissions became due."

27. Contrary to the requirement of Mass. Gen. Laws Ann. Ch. 104, §8, defendants, or either of them, failed to pay commissions owing and due to Cormack Medical within 14 days of termination and/or within 14 days of the date on which they became due.

28. Under Mass. Gen. Laws Ann. Ch. 104, §9, "A principal who wilfully or knowingly fails to comply with provisions relating to the prompt paying of commissions set forth in section eight shall be liable to the sales representative in a civil action for the principal amount of the commissions owed and for an additional sum up to three times the amount of commissions and for reasonable attorney's fees and court costs."

29. Hand Innovations, LLC is liable for such breach of contract as a successor to Hand Innovations, Inc.

30. As a result of Hand Innovations, Inc.'s violations of the Massachusetts Sales Representative Act, plaintiff seeks damages against defendants in the amount of three times the amount of commissions that defendants failed to pay in a timely manner, as well as reasonable attorney's fees and court costs.

## COUNT III

## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT

### (against all defendants)

31. Plaintiff incorporates by reference the allegations of paragraphs one through 30 as though fully set forth herein.

32. The business dealings and transactions between plaintiff and defendants are acts constituting trade and commerce under Mass. Gen. Laws ch. 93A, and occurring

primarily in the Commonwealth of Massachusetts.

33. Defendants employed unfair methods of competition and unfair or deceptive acts or practices in the conduct of their businesses, thereby damaging Cormack Medical. These acts and practices and the injuries sustained by Cormack Medical as a result occurred primarily and substantially within Massachusetts where defendants and their agents conducted business.

34. The unfair methods of competition and the unfair or deceptive acts or practices committed during the course of the relationship between the parties were unlawful under 15 U.S.C. §45(a)(1) and Mass. Gen. Laws Ch. 93A §§2(a) and 11 and the regulations promulgated thereunder by the Attorney General at 940 Code Mass. Regs. §3.16(4).

35. The unfair methods of competition and unfair or deceptive acts or practices committed by defendants include but are not limited to defendants intentionally, willfully, knowingly, and in bad faith acting in disregard of known contractual arrangements and in a manner intended to secure benefits for defendants, causing substantial injury to Cormack Medical.

36. Defendants' conduct offended public policy as it has been established by common law and other established concepts of unfairness; defendants acted in a manner that was immoral, unethical, oppressive, and unscrupulous and in a manner that a reasonable business person would find reprehensible.

37. Defendants' conduct has caused Cormack Medical to suffer damages including but not limited to lost commissions, diminution of the value of its business and loss of good will.

## COUNT IV

### TORTIOUS INTERFERENCE WITH CONTRACT

(against Hand Innovations, LLC)

38. Plaintiff incorporates by reference the allegations of paragraphs one through 37 as though fully set forth herein.

39. The Agreement existed between Cormack Medical and Hand Innovations, Inc.

40. Hand Innovations, LLC intentionally interfered with the Agreement.

41. As a result of such interference, Cormack Medical was damaged.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants as follows:

42. For actual damages in an amount according to proof at trial;

2. For compensatory damages suffered by plaintiff for violations of the applicable statutes in an amount according to proof at trial;

3. For multiple damages as required or authorized by statute;

4. For punitive and exemplary damages in an amount according to proof at trial and sufficient to punish defendants and to deter others from similar wrongdoing;

5. For attorney fees;

6. For pre and post judgment interest;

7. For costs of suit; and

8. For such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

WESTON, PATRICK, WILLARD & REDDING

BY: _____ 12/15/04
L. Seth Stadfeld, Esquire (BBO #476220)
84 State Street, 11th Floor
Boston, MA 02109-2299
(617) 742-9310

OF COUNSEL:
KRAMER & KRAMER, LLP
Mitchell A. Kramer
1077 Rydal Road, Suite 100
Rydal, PA 19046
(215) 887-9030
and
Barbara H. Kramer
24 Frank Lloyd Wright Drive,
Lobby C
Ann Arbor, MI 48105
(734) 930-5452

# SALES REPRESENTATION AGREEMENT

**THIS SALES REPRESENTATION AGREEMENT** is made and entered into as of December 1, 2001 by and between **HAND INNOVATIONS, INC.**, a Florida corporation (hereinafter "the Company"), and Bill Cormack / Cormack Medical, Inc. (hereinafter "Sales Representative").

### WITNESSETH:

1. The Company is in the business of manufacturing medical devices and products for sales to physicians, hospitals, medical clinics and others.

2. The Sales Representative wishes to sell on a commission basis for the Company its products.

3. The Company hereby appoints the Sales Representative as an authorized sales representative of the Company's products.

4. The term of this Agreement is effective as of the effective date written above and shall continue for a period up to one (1) year, ending on December 31. Thereafter, it shall automatically renew for an additional one (1) year period. Notwithstanding the term of this Agreement, either party may terminate this Agreemen for good cause upon thirty (30) days' written notice to the other party.

5. The Sales Representative will be the exclusive sales representative for the Company's products in the territory depicted in Addendum A. The Sales Representative shall not sell, attempt to sell or solicit business from any customers located outside of the exclusive territory without the prior written consent of the Company.

6. During the term of this Agreement, the Sales Representative shall use its best efforts to sell the Company's products at the prices, terms and conditions that shall be established by the Company. All sales shall be on forms provided or approved by the Company. No sales orders shall be effective unless approved in writing by the Company. The Sales Representative shall forward all sales orders to the Company for approval within twenty-four (24) hours of completion.

7. The Sales Representative shall use and employ only such sales and promotional materials as shall be provided or approved by the Company. The Sales Representative shall not make any

1

representation, warranty or guarantee regarding the Company's products or services or alter, enlarge or limit any order without the express written consent of the Company. The Company shall approve all returns in writing.

8.  The Sales Representative shall service each account and customer in its territory and shall cooperate with the Company in the promotion of the Company's products. The Sales Representative shall notify the Company immediately upon receiving any complaint or return request from any customer.

9.  The Sales Representative shall receive commissions as outlined in Addendum B, on all sales revenues received by the Company from the sales by the Sales Representative of the Company's products, excluding any charges for sales tax, freight or delivery. Commissions shall be paid by the Company to the Sales Representative on or before the 20th day of each month, based upon revenues billed by the Company during the preceding calendar month, less all returns, rebates or other allowances granted customers of the Sales Representative during said calendar month. The Company shall be solely responsible for collection of revenue; however, at the Company's request, the Sales Representative shall assist the Company in collection of accounts receivable from the Sales Representative's customers. The Company, in its sole and absolute discretion, shall approve all sales on credit to each customer and elect to have any of its products sold to any customer on a C.O.D. basis. The Sales Representative shall, upon request of the Company, secure from any customer such credit information as the Company may request from time to time.

10. Every month following the initiation of this Agreement, the Company shall provide the Sales Representative with a report showing all sales, revenues, commissions and other pertinent information relating to the Sales Representative's customers.

11. The Company shall notify the Sales Representative of any customer complaints received; and upon request of the Company, the Sales Representative shall respond to any said complaints and report to the Company the nature of the complaint and its resolution.

12. The Company shall be solely responsible for design, development, production and furnishing of its products. The Company shall secure such patents, trademarks, service marks or other intellectual

property protection, as the Company deems necessary in its sole discretion. The Company shall indemnify and hold the Sales Representative harmless against any and all claims whatsoever made against the Sales Representative by any party alleging infringement of patents, trademarks or service marks resulting from the sale by the Sales Representative of any of the Company's products, or arising from any warranty claims or product liability claims asserted the Sales Representative, so long as the Sales Representative is not at fault for any such claims.

13. The Company shall from time to time, furnish the Sales Representative product samples, consignment inventory, catalogs, marketing of promotional literature and other material, which the Company in its sole discretion, deems necessary for the promotion and sale of its products. Upon termination of this Agreement, the Sales Representative shall return to the Company any and all such materials, which remain in its possession within ten (10) business days.

14. Any product, which the Sales Representative obtains for delivery to its customers, shall be at the sole risk of the Sales Representative and it shall be responsible for any damage or destruction of such products.

15. This agreement may be assigned with written consent from both parties. Upon sale of the company, representative will be paid the same amount the last year commission or commission for portion of year under contract if less than first full year. If successor contracts the Sales Representative and assignment is agreed upon, no payment will be made.

16. The Sales Representative is acting as an independent contractor and is not and shall not hold itself out as a partner, joint venturor, investor, shareholder, affiliate or in the case of an individual, an officer, director or employee of the Company. The Sales Representative shall be solely responsible for payment of all federal and state taxes arising from its activities, including, but not limited to, all income and payroll taxes for itself and its employees. The Sales Representative shall indemnify and hold the Company harmless from and against any and all claims of whatever kind and nature asserted against the Company which arise out of any warranty, representation or action made or undertaken by the Sales Representative which is outside the purview of this Agreement and/or is not approved by the Company.

17. Sales Representative agrees that it shall (i) take reasonable steps to protect the Confidential Information (as defined below) of the Company, using methods at least substantially equivalent to the steps it takes to protect its own proprietary information, but not less than a reasonable standard, during the Term of the Agreement and for a period of one (1) year following expiration and termination of this Agreement and (ii) prevent the duplication or disclosure of Confidential Information, other than by or to its employees who must have access to the Confidential Information to perform Sales Representative's obligations hereunder, provided that Sales Representative shall make its employees aware of the restrictions of this section.

18. For purposes of this Agreement, "Confidential Information" means all confidential and proprietary information of the Company, including, without limitation, information relating to: the business; trade secret information; client, investor, customer and supplier lists, and contracts or arrangements; financial information (including financial statements, budgets and projections); market research and development procedures, processes, techniques, plans and results (including inconclusive results); all information which may be included by the party in any patent, trademark or copyright application or amendment thereof or defense or litigation with respect thereto; design, manufacturing, marketing, licensing and distribution strategies, plans or projections; investment or acquisition opportunities, plans or strategies; product composition; pricing information or policies; royalty or licensing arrangements; computer software, passwords, programs or data; and all other business related information which has not been publicly disclosed by the Company, whether such information is in written, graphic, recorded electronic, photographic, data or any machine readable form or is orally conveyed to or developed by the Company; provided that Confidential Information shall not include information which: (i) at the time of disclosure is generally known in the business and industry in which the Company is engaged; or (ii) after disclosure is published or otherwise becomes generally known in such business or industry through no fault of the Sales Representative.

19. The laws of the State of Florida shall govern this Agreement. This Agreement shall be considered to have been entered into at Miami, Florida. Sales Representative consents to the jurisdiction of all state and federal courts located in Miami-Dade County, Florida.

4

IN WITNESS WHEREOF, the parties have signed and sealed this Agreement effective the date and year first above written.

Company:

**HAND INNOVATIONS, INC.**, a Florida corporation

By: _____

Title: V.P of Sales & Marketing

**Sales Representative (s):**

1. _____   2. _____

**Associate Sales Representative (s):**

1. _____   2. _____

3. _____   4. _____

**Sales Representative Business Address:**

Bill Cormack
Cormack Medical, Inc.
30 Turnpike Road, Suite 3
Southboro, MA 01772

6

**ADDENDUM B**

## COMMISSION STRUCTURE

### Products

**"Metacarpal Intramedullary Fixation System"**
**"Distal Radius Fracture Plate System"**
**"Dorsal Nail Plate System"**

<u>Items Sold at List Price</u>

Sales Representative commission 25% on all devices listed above.

8

≈JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Cormack Medical, Inc.
30 Turnpike Road, Suite 3
Southborough, MA 01772

**DEFENDANTS** Hand Innovations, Inc.
8905 SW 87th Avenue, Suite 220
Miami, FL 33176

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
L. Seth Stadfeld, Esquire
Weston, Patrick, Willard & Redding
84 State Street   Boston, MA  02109

Attorneys (If Known)
04 12613 RGS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | [ ] 423 Withdrawal | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | PROPERTY RIGHTS | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 820 Copyrights | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 830 Patent | [ ] 810 Selective Service |
| Student Loans | [ ] 340 Marine | PERSONAL PROPERTY | Safety/Health | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | Exchange |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | | [ ] 875 Customer Challenge |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | LABOR | SOCIAL SECURITY | 12 USC 3410 |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [x] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | & Disclosure Act | | Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS | [ ] 900 Appeal of Fee Determination |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | Habeas Corpus: | | | Under Equal Access to |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff | Justice |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | or Defendant) | [ ] 950 Constitutionality of |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. | [ ] 871 IRS—Third Party | State Statutes |
| | | [ ] 550 Civil Rights | Security Act | 26 USC 7609 | [ ] 890 Other Statutory Actions |
| | | [ ] 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1332(a)

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Cormack Medical, Inc. v.__
   __Hand Innovations, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **04 12613 RGS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __N/A__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [x]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __L. Seth Stadfeld, Esquire  Weston, Patrick, Willard & Redding__
ADDRESS __84 State Street  Boston, MA  02109__
TELEPHONE NO. __(617) 742-9310__

(Coversheetlocal.wpd - 10/17/02)