UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CORMACK MEDICAL, INC.<br><br>        Plaintiff,<br><br>    v.<br><br>HAND INNOVATIONS, INC. and<br>HAND INNOVATIONS, LLC,<br><br>        Defendants. | Civ. No. 04-12613 (RGS) |

## ANSWER

Defendants, Hand Innovations, Inc. and Hand Innovations, LLC (referred to collectively as "Hand Innovations" or "Defendants"), through their undersigned counsel, answer the Complaint in this matter as follows.

## JURISDICTION AND VENUE

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains conclusions of law to which no response is required; to the extent an answer may be deemed required, Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

## FACTS

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint, except admit that a Sales Representation Agreement ("Agreement") was entered into, on or about December 1, 2001, by Hand Innovations, Inc. and Bill Cormack/Cormack Medical, Inc.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains a characterization of a document to which no response is required; the document speaks for itself, and defendants respectfully refer the Court to the referenced document for a complete and accurate statement of its contents. Defendants otherwise deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint, except to the extent the Plaintiff purports to reference paragraph 9 of the Agreement, for which Defendants respectfully refer the Court to the Agreement for the contents thereof.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint, except to the extent the Plaintiff purports to reference specific paragraphs of the Agreement, for which Defendants respectfully refer the Court to the Agreement for the contents thereof.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint, except to the extent the Plaintiff purports to reference paragraph 15 of the Agreement, for which Defendants respectfully refer the Court to the Agreement for the contents thereof.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

## COUNT I - BREACH OF CONTRACT

18. In response to the allegations of paragraph 18, Defendants incorporate by reference their responses to the preceding paragraphs.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

## COUNT II – VIOLATION OF THE MASSACHUSETTS SALES REPRESENTATIVE ACT

23. In response to the allegations of paragraph 23, Defendants incorporate by reference their responses to the preceding paragraphs.

24. Paragraph 24 of the Complaint contains a conclusion of law to which no response is required; to the extent an answer may be deemed required, Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint contains a conclusion of law to which no response is required; to the extent an answer may be deemed required, Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains conclusions of law, to which no response is required; to the extent an answer may be deemed required, Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains conclusions of law, to which no response is required; to the extent an answer may be deemed required, Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint sets forth a conclusion of law, a characterization of this action, and a prayer for relief, none of which require a response; if an answer may be deemed required, Defendants deny these allegations.

### COUNT III – VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT

31. In response to the allegations of paragraph 31, Defendants incorporate by reference their responses to the preceding paragraphs.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

### COUNT IV – TORTUOUS INTERFERENCE WITH CONTRACT (against Hand Innovations, LLC only)

38. In response to the allegations of paragraph 38, Defendants incorporate by reference their responses to the preceding paragraphs.

39. Paragraph 39 contains a conclusion of law to which no response is required; to the extent an answer may be deemed required, Defendants deny the allegations of Paragraph 39.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

## **PRAYER FOR RELIEF**

42. The remainder of the Complaint constitutes Plaintiff's prayer for relief, to which no response is required. Defendant specifically denies that Plaintiff is entitled to any relief whatsoever.

Defendant denies all allegations of the Complaint not otherwise answered above.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim as to which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the failure to satisfy the statutory and/or administrative prerequisites to the filing of this action.

## FOURTH AFFIRMATIVE DEFENSE

If the Plaintiff has suffered any injury, which Defendants deny, such injury is the result of Plaintiff's own acts or omissions.

## FIFTH AFFIRMATIVE DEFENSE

If the Plaintiff has suffered any injury, which Defendants deny, such injury is the result of the acts or omissions of third parties.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff breached the Sales Representation Agreement between Plaintiff and Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a basis for an award of exemplary and/or punitive damages, and defendants engaged in no conduct sufficient to support such an award.

## COUNTERCLAIMS

For its counterclaim against Plaintiff, Cormack Medical, Inc., Defendant, Hand Innovations, LLC, alleges as follows:

### THE PARTIES AND JURISDICTION

1. Defendant, Hand Innovations LLC is a Delaware corporation with its principal place of business at 8905 SW 87th Avenue, Suite 220, Miami Florida 33176.

2. Upon information and belief, Plaintiff, Cormack Medical, Inc., is a Massachusetts corporation with its principal place of business at 30 Turnpike Road, Suite 3, Southborough, Massachusetts 01772.

3. Upon information and belief, Mr. William Cormack is Plaintiff, Cormack Medical, Inc.'s President, agent, and primary sales executive, who primarily controls the operations of Plaintiff and shares in its gains and losses.

4. Upon information and belief, including Plaintiff's averments in the Complaint, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332, in that the parties hereto are citizens of different States, and the amount in controversy exceeds $75,000.

5. Upon information and belief, including Plaintiff's averments in the Complaint, venue is appropriate here pursuant to 28 U.S.C. §1391(a)(2) as a substantial part of the events giving rise to these counterclaims occurred in Massachusetts.

### FIRST CAUSE OF ACTION
(Tortious Interference With Advantageous Business Relations)

6. Defendants incorporate by reference the allegations in paragraphs 1 through 5 of the Counterclaims as though fully set forth herein.

7. Upon information and belief, William Cormack, as agent for Plaintiff, Cormack Medical, Inc., intentionally and without legitimate business or other justification removed trays of Defendants' medical products from multiple customer facilities following the termination of the relationship between Plaintiff and Defendants, with the intention of harming Defendants' sales and reputation.

8. Upon information and belief, William Cormack, as agent for Plaintiff, Cormack Medical, Inc., removed trays of Defendants' products from at least the following facilities: Metro-West Hospital, Faulkner Hospital and Hunt Hospital.

9. As the former sales representative for the Defendants' accounts with the organizations described above, Cormack Medical, Inc. was clearly aware of any and all existing and potential relationships between Defendants' and those organizations, and the effect a removal of materials would have on those relationships.

10. As a direct and proximate result of Plaintiff's tortious interference, Defendants have suffered damages in an amount to be determined at trial.

11. Upon information and belief, Cormack Medical, Inc. acted intentionally and with malice in engaging in this behavior, thereby justifying an award of exemplary damages.

### SECOND CAUSE OF ACTION
(Breach Of Contract)

12. Defendants incorporate by reference the allegations in paragraphs 1 through 11 of the Counterclaims as though fully set forth herein.

13. Plaintiff and Defendant, Hand Innovations, Inc., entered into a Sales Representation Agreement ("Agreement") on December 1, 2001.

14. By its own terms, the above referenced Agreement was no longer in effect at the time Plaintiff's relationship with Defendants was terminated in late 2004.

15. In the event that the Court finds the above referenced Agreement remained in force at the time of Plaintiff's separation from Defendants, which Defendants deny, Plaintiff violated paragraph 13 of the Agreement by failing to return all of Defendants' materials in its possession within 10 business days.

16. As a result of Plaintiff's failure to timely return defendants' materials, Defendants suffered damages to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant demands judgment against Plaintiff as follows:

(a) for all damages determined at trial in this action to have been sustained, together with pre-judgment interest;

(b) for costs, attorneys' fees and other litigation expenses to the extent recoverable under applicable law; and

(c) for such other and further relief as this Court deems just and proper.

Respectfully submitted,

HAND INNOVATIONS, INC. AND
HAND INNOVATIONS LLC,
DEFENDANTS

By their attorneys,

/s/ Eben A. Krim
Mark W. Batten (BBO No. 566211)
Eben A. Krim (BBO No. 652506)
PROSKAUER ROSE LLP
One International Place, 14th Floor
Boston, MA 02110-2600
Tel:  (617) 526-9850
Fax: (617) 526-9899

Dated:  January 26, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record,  by first-class mail, postage paid, this 26th day of January, 2005.

/s/ Eben A. Krim
Eben A. Krim (BBO No. 652506)