IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 10 P 1: 34

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| CORMACK MEDICAL, INC. ) | |
| ) | Civil Action No. 04-12613-RGS |
| Plaintiff ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| HAND INNOVATIONS, INC. and ) | |
| HAND INNOVATIONS, LLC ) | |
| ) | |
| Defendants ) | |

## PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS

Plaintiff, Cormack Medical, Inc. ("Cormack Medical"), by and through its attorneys, answers the counterclaims of defendants, Hand Innovations, Inc. and Hand Innovations, LLC, as follows:

### THE PARTIES AND JURISDICTION

1. Plaintiff admits the allegations in paragraph one of the counterclaims.

2. Plaintiff admits the allegations in paragraph two of the counterclaims.

3. Plaintiff admits that William Cormack is President of Cormack Medical, Inc. and denies the remaining allegations of paragraph three, except insofar as they call for a legal conclusion to which no response is required.

4. Plaintiff admits the allegations in paragraph four of the counterclaims, but denies that the amount at issue in defendants' counterclaims exceeds $75,000.00.

5. Plaintiff admits the allegations in paragraph five of the counterclaims.

## FIRST CAUSE OF ACTION

### (Tortious Interference With Advantageous Business Relations)

6. Plaintiff incorporates by reference the allegations in paragraphs one through five of the counterclaims as though set forth in full herein.

7. Plaintiff denies the allegations in paragraph seven of the counterclaims.

8. Plaintiff denies the allegations of paragraph eight of the counterclaims except that plaintiff admits removing product from Metro-West and Faulkner Hospitals.

9. Plaintiff denies the allegations in paragraph nine of the counterclaims.

10. Plaintiff denies the allegations in paragraph 10 of the counterclaims.

11. Plaintiff denies the allegations in paragraph 11 of the counterclaims.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

12. Plaintiff incorporates by reference the allegations in paragraphs one through 11 of the counterclaims as though set forth in full herein.

13. Plaintiff admits the allegations in paragraph 13 of the counterclaims.

14. Plaintiff denies the allegations in paragraph 14 of the counterclaims.

15. Plaintiff denies the allegations in paragraph 15 of the counterclaims.

16. Plaintiff denies the allegations in paragraph 16 of the counterclaims.

WHEREFORE, Cormack Medical, Inc. respectfully requests that this Court grant judgment in favor of Cormack Medical and against defendants, Hand Innovations, Inc. and Hand Innovations, LLC, on all counterclaims, dismiss such counterclaims with prejudice, and award Cormack Medical its costs and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The counterclaims fail to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The counterclaims, or portions of them, are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The counterclaims, or portions of them, are barred by the doctrines of accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

The counterclaims, or portions of them, are barred by the doctrines of waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The counterclaims, or portions of them, are barred by defendants' breach of contract.

### SIXTH AFFIRMATIVE DEFENSE

The counterclaims, or portions of them, are barred by the specific provisions of the Sales Representation Agreement between plaintiff and defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants' counterclaim fails to state a basis for an award of exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. For actual damages in an amount according to proof at trial;
2. For compensatory damages suffered by plaintiff for violations of the applicable statutes in an amount according to proof at trial;
3. For multiple damages as required or authorized by statute;

4.  For punitive damages and exemplary damages in an amount according to proof at trial and sufficient to punish defendants and to deter others from similar wrongdoing;

5.  For attorney fees;

6.  For pre and post judgment interest;

7.  For costs of suit; and

8.  For such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

WESTON, PATRICK, WILLARD & REDDING

BY: _____
L. Seth Stadfeld, Esquire (BBO #476220)
84 State Street, 11th Floor
Boston, MA 02109-2299
(617) 742-9310

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 2/7/05

OF COUNSEL:
KRAMER & KRAMER, LLP
Mitchell A. Kramer
1077 Rydal Road, Suite 100
Rydal, PA 19046
(215) 887-9030
and
Barbara H. Kramer
24 Frank Lloyd Wright Drive,
Lobby C
Ann Arbor, MI 48105
(734) 930-5452